IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | :: | |
| | :: | CRIMINAL CASE NO. |
| v. | :: | 1:25-mj-00841-RGV |
| | :: | |
| DAVID H. ODOM | :: | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Pending before the Court is defendant David H. Odom's ("defendant") "Motion for Return of Property," [Doc. 7 (emphasis and all caps omitted)],[1] which the government opposes, [Doc. 8]. For the reasons that follow, it is **RECOMMENDED** that defendant's motion, [Doc. 7], be **DENIED**.

**I. INTRODUCTION**

On July 9, 2025, a two-count indictment was returned in the Eastern District of Virginia charging defendant with bank fraud and theft of mail. See United States v. Odom, Criminal Action No. 2:25-cr-00085-EWH-DEM-1, at [Doc. 1] (E.D. Va. July 9, 2025). On August 14, 2025, defendant was arrested in the Northern District of Georgia, and defendant's cellphone was seized incident to his arrest. [Doc. 8-1 at 6 ¶¶ 12-13]. Later that afternoon, defendant had his initial appearance

---

[1] The listed document and page numbers in citations to the record in this Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

in the Northern District of Georgia, and he was released on bond that same day. [Doc. 1]. At his initial appearance, defendant orally moved for the return of his cellphone pursuant to Federal Rule of Criminal Procedure 41(g) and subsequently filed a written motion in support. [Doc. 7]. On August 15, 2025, the Honorable Christopher C. Bly, United States Magistrate Judge for the Northern District of Georgia, issued a warrant authorizing the search of defendant's cellphone. See [Doc. 8-1]. The government subsequently filed its response, opposing defendant's motion for the return of his cellphone, [Doc. 8], and defendant has informed the Court that he does not intend to file a reply, so the motion is ripe for ruling.

## II. DISCUSSION

Defendant moves for the return of his cellphone pursuant to Federal Rule of Criminal Procedure 41(g), which provides that a person aggrieved by an unlawful search and seizure may move the district court for return of the property on the ground that such person is entitled to lawful possession of the property. Fed. R. Crim. P. 41(g). When a defendant seeks the return of property while a criminal prosecution is pending, he has the burden of showing that he is entitled to the property. United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) (citation omitted); United States v. Bussey, 5:21-CR-9-20, 2024 WL 5233140, at *1 (S.D. Ga. Dec. 27, 2024) (citations omitted); United States v. Marabini, No. 06-80021-CR, 2006 WL 3921906, at *6 (S.D. Fla. Dec. 28, 2006) (citation omitted),

adopted by 2007 WL 128820, at *1 (S.D. Fla. Jan. 12, 2007).  "[W]hen considering a motion to return, the court must balance the legitimate needs of the United States against the property rights of the moving party."  United States v. Popham, 382 F. Supp. 2d 942, 956 (E.D. Mich. 2005) (citations omitted), aff'd, 250 F. App'x 170 (6th Cir. 2007) (unpublished).  Generally, a motion for return of property under Rule 41(g) "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues."  United States v. Garcon, 406 F. App'x 366, 369 (11th Cir. 2010) (per curiam) (unpublished) (citation and internal marks omitted).

Defendant moves for the return of his cellphone, arguing that it was unlawfully seized from him without a search warrant and that the government has failed to show that there is probable cause to believe the cellphone contains any evidence of a crime to justify its seizure and continued retention.  [Doc. 7 at 6-8].  The government asserts that agents lawfully seized defendant's cellphone incident to his arrest and that agents have a legitimate need to retain the cellphone as evidence.  [Doc. 8 at 3-4].  Specifically, the government argues that agents "were entitled to search, pursuant to arrest, the area within the defendant's immediate control for weapons or evidence and seize such evidence to prevent its concealment or destruction."  [Id. at 3 (footnote omitted) (citing Chimel v.

California, 395 U.S. 752, 763 (1969))]. In this instance, agents seized the cellphone upon defendant's arrest because defendant allegedly made mobile deposits of altered stolen checks, and based on their training and experience, agents reasonably believe the cellphone contains evidence of the offenses charged in the indictment, [Doc. 8-1 at 6 ¶ 14], and law enforcement agents were authorized to continue to seize the cellphone for a reasonable period of time while they obtained a warrant, see Illinois v. McArthur, 531 U.S. 326, 334 (2001). The government correctly asserts that there "is no bright line rule concerning how long of a delay between the seizure and obtaining the warrant is unreasonable." [Doc. 8 at 3 (citing United States v. Laist, 702 F.3d 608, 613 (11th Cir. 2012))]. Relevant considerations include: (1) the significance of the interference with the defendant's possessory interest, (2) the duration of the delay, (3) whether the defendant consented to the seizure, (4) the government's legitimate interest in holding the property as evidence, and (5) the government's diligence in pursuing a search warrant. Laist, 702 F.3d at 613-14 (citations omitted). In this case, agents obtained a search warrant for defendant's cellphone less than 48 hours after it was seized, which the Court concludes is reasonable. See [Doc. 8-1]; see also United States v. Lawson, No. 24-10561, 2025 WL 1732735, at *10 (11th Cir. June 23, 2025) (per curiam) (finding a twelve-day delay between seizing the defendant's cellphone incident to arrest and obtaining a search warrant was not unreasonable given the

4

totality of the circumstances).

"When the government has a continuing interest in the property, the property does not have to be returned." Popham, 382 F. Supp. 2d at 956 (citation and internal marks omitted); see also Mirka United, Inc. v. Cuomo, No. 06 Civ. 14292(GEL), 2007 WL 4225487, at *8 (S.D.N.Y. Nov. 27, 2007) (citations and internal marks omitted) (stating that if the government "has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable and a motion to return the property pursuant to Rule 41(g) will be denied."). Balancing the government's continued need for the cellphone in the pending prosecution against the reasons defendant contends it should be returned, see [Doc. 7 at 6-8], the Court finds that defendant has failed to meet his burden of showing that he is entitled to return of his cellphone at this time.

Because the record before the Court undisputedly demonstrates that defendant's cellphone was seized incident to his arrest upon charges of bank fraud and theft of mail, and the government has demonstrated probable cause to believe the cellphone has evidence pertaining to the offenses charged in the indictment by promptly obtaining a warrant to search the cellphone, its continued possession of the cellphone as evidence in this case is authorized by law. Consequently, defendant's motion for return of property is due to be denied without a hearing, and any subsequent litigation surrounding the search and seizure of the cellphone

5

should be brought in the underlying criminal case in the charging district.[2]

### III.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that defendant's motion for return of property, [Doc. 7], be **DENIED**.

**IT IS SO RECOMMENDED**, this 26th day of August, 2025.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[2] If defendant files objections to this Report and Recommendation, those should be submitted to the duty District Judge in this district since the case is not assigned to a District Judge.